DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before us on appeal from the Wood County Court of Common Pleas, which granted summary judgment in favor of appellee/cross-appellant American Motorists Insurance Company ("AMICO"). For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Appellant Kristopher Kathrens was injured as a result of an accident involving an uninsured driver. He sought uninsured/underinsured ("UM/UIM") coverage from AMICO, which had issued an automobile insurance policy to appellant's employer, Cooper Tire. Appellant's claim against AMICO was based on the Ohio Supreme Court's decision in Scott-Pontzer v.Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292. The trial court granted summary judgment to AMICO, holding that, although appellant was an insured under the AMICO policy pursuant to Scott-Pontzer, coverage was excluded under the "other owned vehicle" exclusion.[1]
 {¶ 3} Appellant now appeals, setting forth the following assignment of error:
 {¶ 4} "The trial court erred when it held that appellant was excluded from uninsured/underinsured motorists coverage under the AMICO policy by operation of the `other owned vehicle' exclusion where the appellant was, in fact, occupying a covered auto at the time of his accident."
 {¶ 5} Appellee cross-appealed, setting forth the following assignment of error:
 {¶ 6} "The trial court erred when it held that appellant was an insured under the AMICO policy despite the existence of specifically identified individuals named in the schedule on the `drive other car' endorsement."
 {¶ 7} On November 5, 2003, the Ohio Supreme Court issued its decision in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, which limited Scott-Pontzer. The court held in paragraph two of Galatis:
 {¶ 8} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the scope and course of employment. * * *"
 {¶ 9} In the present case, it is undisputed that appellant was not acting within the scope and course of his employment at the time of the accident. Accordingly, under Galatis, appellant is not entitled to UM/UIM coverage under the AMICO policy, and we need not address the issue of whether coverage was excluded by the "other owned vehicle" exclusion. The trial court's ultimate decision to grant summary judgment to appellee was correct, and appellant's assignment of error is not well-taken. Because we are affirming the judgment, we need not reach appellee's assignment of error.
 {¶ 10} On consideration whereof, the court find that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
Judgment Affirmed.
Mark L. Pietrykowski, J., Judith Ann Lanzinger, J., and ArleneSinger, J., Concur.
[1] The trial court also held that AMICO's commercial general liability policy did not afford coverage for appellant because the policy was not an automobile policy. Appellant does not appeal this ruling.